IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MURIELLE MOLIERE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>OPTION ONE MORTGAGE CORPORATION, *et al.*,<br><br>Defendants. | **ORDER and<br>MEMORANDUM DECISION**<br><br><br>Case No. 2:10-cv-802-CW |

Now before the court is Defendant Saxon Mortgage Services, Inc's motion to dismiss Plaintiff Murielle Moliere's Amended Complaint. In her Amended Complaint, Ms. Moliere brings claims for (1) a violation of the Truth in Lending Act ("TILA"); (2) a violation of the Real Estate Settlement Practices Act ("RESPA"); (3) a violation of the Homeowners Equity Protection Act ("HOEPA"); (4) a violation of the Utah High Cost Home Loan Act (the "Utah Act") and (5) negligence. The court will address each of these claims separately below.

I.      **TILA and HOEPA Claims**

As support for dismissal of Ms. Moliere's TILA and HOEPA claims, Saxon argues that they are both barred by the statute of limitations. The court agrees that at this point, Ms. Moliere has not plead sufficient facts to conclude that these claims were timely brought.

This dismissal, however, is without prejudice. From the authorities Ms. Moliere cites in her opposition, it does not appear to be futile for her to attempt to plead facts sufficient to show that her claims were timely. For example, in *Valentine v. Influential Sav. and Loan Ass'n*, 572 F Supp. 36, 38 (D.C. Pa., 1983), the court found that the TILA statute of limitations did not begin

to run when the plaintiff received the relevant disclosures because the plaintiff had plead facts from which it could be concluded that the disclosures were deficient.  In this case, while Ms. Moliere has alleged that the TILA disclosures she received were flawed, she has not plead facts supporting that conclusion.  Accordingly, Ms. Moliere is granted leave to file a motion to amend which again asserts TILA and HOEPA violations.  Such a motion, however, will not be granted unless it clearly states the factual basis from which it may be concluded that those claims are timely brought.

In making this ruling, the court vacates its prior ruling (Dkt. No. 15) that Ms. Moliere's claim for rescission under TILA is dismissed with prejudice.  As explained above, it does not appear to be futile on its face for Ms. Moliere to attempt to plead facts to support a conclusion that her attempt to rescind is timely under TILA.  Accordingly, the more appropriate course of action is for the court to allow Ms. Moliere another attempt to plead that claim.

## II.     RESPA and Utah Act Claims

Saxon correctly argues that Ms. Moliere's claims under RESPA and the Utah Act are insufficiently plead.  The Amended Complaint gives Saxon no way of knowing which provisions of RESPA or the Utah Act Ms. Moliere claims were violated, or which specific facts Ms. Moliere contends support a conclusion that the statutes were violated.  Accordingly, these claims are DISMISSED without prejudice.  Ms. Moliere is granted leave to seek to again amend her complaint again to properly plead these claims.

## III.    Negligence

Ms. Moliere's negligence claim is DISMISSED with prejudice.  Under Utah law, negligence claims of the sort Ms. Moliere brings here are barred by the economic loss rule.  *See Davencourt at Pilgrims Landing Homeowner's Ass'n v. Davencourt at Pilgrims Landing, LC*,

221 P.3d 234, 242 (Utah 2009).  Ms. Moliere generally argues that certain statutes created a duty that could have been breached here, but she does not cite any authority to support that conclusion.  Accordingly, Ms. Moliere may not attempt to replead her negligence claim.

## CONCLUSION AND ORDER

For the reasons stated above, the court GRANTS the motion to dismiss without prejudice as to Ms. Moliere's claims under TILA, HOEPA, RESPA and the Utah Act and GRANTS the motion with prejudice with respect to Ms. Moliere's negligence claim.  Ms. Moliere is granted leave to file a motion to amend her complaint.  If she wishes to do so, she must file the motion on or before December 2, 2011.

DATED this 4th day of November, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge