IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MURIELLE MOLIERE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>OPTION ONE MORTGAGE, et al.,<br><br>　　　　　　Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:10-cv-00802-CW<br><br>Judge Clark Waddoups |

　　　　Plaintiff Murielle Moliere filed this action in Utah State court in December 2009, naming several defendants. The Complaint, however, was first served on Defendant Saxon Mortgage Services, Inc. on July 27, 2010. Saxon timely removed the case to the United States District Court on August 16, 2010. The court granted Saxon's motion to dismiss Plaintiff's claim for rescission with prejudice, but allowed Plaintiff to amend her remaining claims. (Dkt. No. 15.) On March 25, 2011, Plaintiff filed an Amended Complaint, alleging violations of (1) the Truth in Lending Act ("TILA"), (2) Real Estate Settlement Procedures Act ("RESPA"), (3) Homeowners Equity Protection Act ("HOEPA"), (4) Utah High Cost Home Loan Act (the "Utah Act"), and (5) a claim for negligence. (Dkt. No. 16.)

　　　　Saxon again moved to dismiss, arguing that the claims under TILA and HOEPA were barred by the statute of limitation, that the claims under RESPA and the Utah Act were insufficiently pleaded and the negligence claim was barred by the economic loss rule. The court granted the motion, dismissing the negligence claim with prejudice and the TILA, HOEPA, RESPA and Utah Act claims without prejudice. (Dkt. No. 25.) Plaintiff was granted leave and on June 12, 2012, filed a Second Amended Complaint, alleging violations of (1) TILA, (2) RESPA,

(3) HOEPA, and (4) the Utah Act, and adding Residential Credit Solutions, Inc. as an additional defendant. (Dkt. No. 33.) Saxon and Residential Credit Solutions, Inc. both answered the Second Amended Complaint. (Dkt. Nos. 34 and 57.) On September 9, 2013, counsel for Plaintiff requested and, on October 10, 2013, was granted leave to withdraw as counsel, stating that the "working relationship has deteriorated so that I cannot adequately represent Plaintiff." (Dkt. Nos. 60, 63 and 67.) Plaintiff was required to file a notice of appearance by herself or counsel within 21 days. Plaintiff did not file the required notice within 21 days. Indeed, the trial date set for November 5, 2013 was vacated. On October 8, 2013, Defendants moved to compel discovery responses from Plaintiff. Plaintiff did not oppose the motion and on December 3, 2012, the court granted the motion and ordered the Plaintiff to provide the requested discovery within 14 days. Plaintiff did not provide the discovery required by the court order.

On January 24, 2014, Saxon and Residential Credit moved for sanctions against Plaintiff for failure to cooperate in discovery and failing to comply with the court's order requiring Plaintiff to provide discovery that had been requested by Defendants. (Dkt. No. 70.) Defendants requested as relief that the court dismiss the action with prejudice or deem as admitted the Defendants' Requests for Admission to which Plaintiff had failed to respond. On January 29, 2014, the Defendants moved for summary judgment on all causes of action alleged by Plaintiff. The court referred the motions to Magistrate Judge Evelyn J. Furse who, on June 24, 2014, issued a Report and Recommendation that the motion for sanctions be granted, in part, and that the motion for summary judgment be granted, dismissing the complaint with prejudice. The Report gave notice to Plaintiff that any objection must be filed within 14 days of service of the Report. (Dkt. No. 77.)

Plaintiff did not file timely objections. Nevertheless, on July 7, 2014, Plaintiff, acting *pro*

*se*, requested additional time to obtain representation by an attorney without providing a specific date. (Dkt. No. 78.) The Defendants opposed and requested the court submit the Report and Recommendation for decision. (Dkt. No. 80.) The Magistrate Judge denied the request for extension, finding that the Plaintiff had had ample time to obtain an attorney and failed to do so. (Dkt. No. 82.) By a handwritten letter received by the court on August 15, 2014, Plaintiff explained that her failure to respond was due to a car accident in which she almost died and has not been able to effectively function and asked the court to excuse her lack of compliance. (Dkt. No. 83.) The court noticed a hearing on the Report and Recommendation on the motions for sanctions and summary judgment, but then cancelled the hearing due to Plaintiffs failure to object or respond the Report and Recommendation. (Dkt. Nos. 84.)

In response, on November 13, 2014, Plaintiff filed a request for Oral Argument and Objections to Motion for Summary Judgment. (Dkt. No. 86.) The Plaintiff did not provide substantive support for her objection, other than to argue that there are substantive issues to be decided, requesting an evidentiary hearing and stating that she did not know she was supposed to answer. The Defendants objected that Plaintiff had failed to respond or object to the Report and Recommendation, missed deadlines and ignored discovery obligations. (Dkt. No. 87.) On November 26, 2014, Plaintiff filed a document in "reference to the defendants' Counsels MEMORANDUM IN OPPOSITION TO PLAINTIFF'S 'REQEST FOR ORAL ARGUMENT' (DOC. 85) and Plaintiff second's REQUEST FOR AN EVIDENTIARY HEARING." (Dkt. No. 88.) Plaintiff attached to her document four exhibits totaling 229 pages of which approximately 100 pages appear to be duplicates. Plaintiff does not reference the exhibits in her argument, or explain how they would support her claim. Some of the documents appear to be documents that were requested by Defendants in discovery, but not produced. In response, on December 2, 2014,

Defendants filed a request to submit for decision. (Dkt. No. 89.)

The court has carefully reviewed each of Plaintiff's submissions, the Defendants' motion for summary judgment, and the supporting documentation. The court has also read the portions of the Plaintiff's deposition testimony attached and referenced in support of the motions. The court further reviewed the loan documentation and the required disclosures. It appears that the Plaintiff may have improvidently entered into a refinancing and loan transaction that was not well suited to her requirements and was beyond her means to repay. She may also have not been well advised to have entered into the financing transaction. The court is also sympathetic to the financial setbacks and personal problems the Plaintiff has experienced.

Nevertheless, "[a]lthough a federal court may construe a *pro se* plaintiff's pleadings liberally, a court should not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf. The Court must not act as a *pro se* litigant's advocate." *Zabriskie v. ReconTrust Co.*, No. 2:08-cv-155-BSJ, 2008 U.S. Dist. LEXIS 123654, *9-10 (D. Utah Nov. 12, 2008) (internal quotation marks and citations omitted). As is set forth in detail in the Report and Recommendation, Plaintiff has failed to come forward with evidence that would be admissible at trial to support any disputed issue of fact upon which she could prevail at trial. The record supports that Plaintiff received the disclosures required by law, that she had notice and knowledge of the terms of the loan, even raising questions before signing that the loan documents did not match the terms she had expected. She nevertheless signed the documents without making changes. Plaintiff received actual and constructive notice of her right to rescind within three days. She did not exercise that right. Plaintiff accepted the loan proceeds and did not make any objections until she began to experience difficulty in meeting her obligations. Moreover, Plaintiff's testimony is clear that even had she been granted the right to

rescind, at the time she would have attempted to exercise that right, she would not have had the ability to return the loan proceeds as would be necessary to complete the rescission. For the reasons stated in the Report and Recommendation, therefore, Plaintiff cannot prevail upon her claims as a matter of law.

The court ADOPTS the Report and Recommendation in full, summary judgment is GRANTED in favor of the defendants for the reasons state in the Report and Recommendation, and Plaintiff's claims are DISMISSED with prejudice.

SO ORDERED this 2nd day of February, 2015.

BY THE COURT:

_____
Clark Waddoups
United States District Judge